UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. PEREZ, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-1057 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's amended complaint (ECF No. 15) and motion for the appointment of counsel (ECF No. 18).

By order dated January 8, 2019, the court found plaintiff's complaint stated a potentially cognizable claim under the Eighth Amendment. (ECF No. 6.) Thereafter, the court directed the United States Marshal to initiate service on the defendants. (ECF No. 12.) Defendants have not yet filed a waiver of service or responded to the complaint.

Because it does not appear that plaintiff is attempting to change his complaint in any material way, such as by adding factual allegations, claims, or defendants, the court will strike the first amended complaint. However, if plaintiff wishes to amend the complaint he may file a motion to amend the complaint explaining the reason for the amendment. Plaintiff is informed that any amended complaint will be subject to the screening requirement under 42 U.S.C. § 1915A.

Plaintiff has also moved for the appointment of counsel. (ECF No. 18.) In support of his request, plaintiff argues that he suffers from Chronic Obstructive Pulmonary Disease with Bronchiectasis causing him to have up to ten severe coughing spells per day, sometimes requiring medical intervention. Plaintiff claims he may not be able to comply with court orders and deadlines in this action should he be sent to an outside hospital for treatment.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff's filings indicate he is currently in sufficient health to present arguments to the court. The court will deny plaintiff's motion to appoint counsel without prejudice to its renewal at a later stage of the proceedings. However, plaintiff may request extensions of time should his health interfere with any future deadlines.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 15) shall be stricken from the record; and,

////

////

////

2. Plaintiff's motion for the appointment of counsel (ECF No. 18) is denied.

Dated: March 13, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/ocon1057.31