UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>    Plaintiff,<br><br>    v.<br><br>W. PEREZ, et al.,<br><br>    Defendants. | No. 2:18-cv-1057 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendants violated his Eighth Amendment rights. Presently before the court is plaintiff's motion for clarification (ECF No. 51) and motion for third party subpoenas (ECF No. 52). For the reasons set forth below the court will grant plaintiff's motion for clarification and deny the motion for third party subpoenas.

**I.    Motion for Clarification**

Plaintiff requests clarification regarding the operative complaint in this action. (ECF No. 51.) Plaintiff states that he and defendants are using different terms to refer to the operative complaint. After service was ordered, but before defendants appeared in this action, plaintiff filed an amended complaint. (ECF No. 15.) The court ordered the amended complaint be stricken, but informed plaintiff that if he wished to file an amended complaint, he should file a motion to amend along with a proposed amended complaint. (ECF No. 19.)

1

Plaintiff moved for reconsideration of the court's order striking the amended complaint. The court construed the motion for reconsideration as a motion to amend the complaint. (ECF No. 32.) The court granted the motion and screened the second amended complaint. The court determined that the second amended complaint (ECF No. 22), filed April 1, 2019, stated a claim against the defendants.

The court will grant plaintiff's motion for clarification as follows: the operative complaint in this action is the second amended complaint filed April 1, 2019 (ECF No. 22). Thus, any references to "the complaint" or "the operative complaint" shall refer to that document.

**II.     Motion for Third Party Subpoenas**

Plaintiff states that before he filed this action, he sought records to determine the identities of the defendants. (ECF No. 52.) Plaintiff submitted a Public Records Act request and was informed that the individual who signed the first health request form submitted was W. Perez. However, in the defendants' non-confidential settlement statement[1] that the identity of the nurse who signed the first 7302 form was "unclear." He requests that the court issue an order directing the warden at Mule Creek State Prison identify the nurse or provide plaintiff with a copy of a document that would allow plaintiff to identify the nurse.

Defendants have filed an opposition arguing that plaintiff's motion should be denied because he has not shown that the information sought is only obtainable through the identified third parties. (ECF No. 53.)

**A. Legal Standards**

A non-party may be compelled to produce documents for inspection and copying pursuant to a subpoena duces tecum. See Fed. R. Civ. P. 34(c), 45(a). Subject to certain requirements, a plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d). A court may grant

---

[1] A settlement conference was conducted in this action on October 10, 2019. (ECF No. 44.) The settlement statements were not presented to the undersigned because Magistrate Judge Newman presided over the settlement conference.

such a request only after a plaintiff has shown that the documents or items sought from the nonparty are not obtainable from the defendants through a request for the production of documents, electronically stored information, and/or tangible things. Fed. R. Civ. P 34. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third-party. See, e.g., Davis v. Ramen, 1:06-cv-1216 AWI SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-0124 AWI SMS PC, 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010).

**Analysis**

Plaintiff seeks further information regarding the identity of one of the named defendants. In making his request he lists various options for obtaining the information sought. Among those are several different documents in the possession of the defendants. Thus, this information appears to be in the possession of the defendants and plaintiff may request such materials through specific discovery requests, i.e., interrogatories, requests for production, or requests for admission, pursuant to Federal Rule of Civil Procedure 26. If such information is not available through such requests, plaintiff may file a renewed motion seeking information from a third party.

**III.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for clarification is granted, the operative complaint in this action is the second amended complaint filed April 1, 2019 (ECF No. 22); and
2. Plaintiff's motion for third party subpoenas (ECF No. 52) is denied without prejudice.

Dated: January 21, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/ocon1057.3p.subp