UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR, | No. 2:18-cv-1057 DB P |
| Plaintiff, | |
| v. | ORDER |
| W. PEREZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendants violated his Eighth Amendment rights. Presently before the court is plaintiff's motion for leave to exceed the interrogatory limit. (ECF No. 59.) For the reasons set forth below the court will deny the motion.

**I.       Allegations in the Operative Complaint**

Plaintiff has a prescribed CPAP (continuous positive airway pressure) machine to treat sleep apnea. (ECF No. 22 at 3.) When the mask for his CPAP machine broke, he submitted the proper health care form requesting a replacement, but he did not receive a response. He submitted two additional forms but still did not receive a response. Thereafter, he filed an inmate appeal, or 602 form, regarding his request for a replacement part. (Id. at 4.) The nurse who reviewed the form immediately made a phone call to get plaintiff a replacement mask. Plaintiff

////

1

has named as defendants the health care staff members who reviewed his medical request forms and failed to take action to obtain a replacement part for plaintiff's CPAP machine.

## II. Motion to Propound Additional Interrogatories

Plaintiff states that he is proceeding pro se and will not be allowed to conduct depositions or be allowed to call witnesses. (ECF No. 59 at 1.) He also states that he is severely handicapped by these restrictions and requests "leave to pursue up to 75 interrogatory questions of defendants." (Id. at 2.) He states that his number of 75 is reflective of the medical terms that will be used, there are entire concepts unknown to the average inmate, and there is no other way plaintiff will be able to obtain this information.

In their opposition defendants argue that plaintiff has "failed to make any particularized showing as to why additional interrogatories are necessary in this case." (ECF No. 61 at 2.) They further allege that the facts of this case are "far simpler than most medical cases." (Id. at 3.)

## III. Legal Standards

Pursuant to Rule 33(a) of the Federal Rules of Civil Procedures, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a).

Typically, a party requesting additional interrogatories must make a "particularized showing" as to why additional discovery is necessary. Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999). However, a party proceeding pro se is held to a somewhat lesser standard. A pro se party must show good cause for additional discovery. See McClellan v. Kern County Sheriff's Office, No. 1:10-cv-0386 LJO MJS (PC), 2015 WL 5732242, at *1 (E.D. Cal. Sept. 29, 2015) (citing Fed. R. Civ. P. 26(b)(1); Cantu v. Garcia, No. 1:09cv00177 AWI DLB PC, 2013 WL101667, at *3 (E.D. Cal. Jan. 8, 2013); Eichler v. Tilton, No. CIV S–06–2894 JAM CMK P, 2010 WL 457334, at *1 (E.D. Cal. Feb. 3, 2010)).

Pursuant to Rule 33(a), once the moving party has made the appropriate showing, the court shall grant leave if it is consistent with FRCP 26(b)(2). Rule 26(b)(2)(C) states that the

////

2

court must limit the "frequency or scope of discovery otherwise allowed by these rules" if it finds that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(b)(1) describes the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**IV.   Analysis**

It is not clear from plaintiff's motion whether he seeks to propound 75 total interrogatories or 75 interrogatories per defendant for a total of 300 interrogatories. To the extent plaintiff is requesting to submit 75 total interrogatories, that request is moot. As defendants state in their opposition, plaintiff may submit 25 interrogatories per defendant for a total of 100 interrogatories because there are four defendants. Based on the parties' submissions, it appears that plaintiff has not yet submitted any interrogatories to defendants. Thus, 100 interrogatories may be sufficient to provide plaintiff with all the information that he needs in this action.

Plaintiff argues that he needs to propound additional interrogatories because there are "entire concepts unknown to the average prisoner" so he will need to explore topics generally before asking specifics and that the case will involve "many medical terms." (ECF No. 59 at 2.) While the court recognizes that plaintiff is proceeding pro se, and is therefore entitled to some leniency in making a showing of his need for discovery, plaintiff must provide some basis for the court to permit him to propound additional discovery. See McNeil v. Hayes, No. 1:10-cv-1746 AWI SKO (PC), 2014 WL 1125014, at *2 (E.D. Cal. 2014) ("[T]he 'particularized showing' to

3

obtain leave to serve additional interrogatories cannot be divorced from Plaintiff's pro se status."); Smith v. Davis, No. 1:07-cv-1632 AWI GSA PC, 2009 WL 2905794, at *1 (E.D. Cal. Sept. 4. 2009) (plaintiff bears the burden of demonstrating a need for additional interrogatories). Additionally, a court may deny a pro se plaintiff's request for additional interrogatories where the plaintiff has not sufficiently specified the reason additional interrogatories are necessary. Doster v. Beard, No. 1:15-cv-1415 DAD GSA PC, 2017 WL 1393509 at *4 (E.D. Cal. Apr. 13, 2017) (denying request to serve additional interrogatories where plaintiff did not explain the nature or subject matter of additional interrogatories); McClellan v. Kern County Sheriff's Office, No. 1:10-cv-0386 LJO MJS (PC), 2015 WL 5732242 at *2 (E.D. Cal. Sept. 29, 2015) (denying motion for additional interrogatories because plaintiff did not specify what factual matters he sought clarification on or why he could not seek the information through other discovery tools).

Plaintiff has not submitted proposed interrogatories with the motion for review or specified the nature or subject matter of the additional interrogatories. Therefore, the court cannot adequately address plaintiff's request. Further, as defendants have argued, the issues relating to plaintiff's claim in this action appear to be fairly straightforward as the issue in this case simply involves defendants' alleged failure to respond to plaintiff's request for a replacement part for his medical device.

The court finds that plaintiff has not shown that he will need to propound 300 interrogatories in this case. However, should plaintiff find that he requires additional information, and that such information must be sought via additional interrogatories, he may file a renewed motion. Any future motion should include proposed interrogatories and state specifically why additional interrogatories are necessary. For these reasons, the court will deny plaintiff's motion for additional interrogatories without prejudice.

////
/////
////
////
////

**V.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to propound additional interrogatories (ECF No. 59) is denied without prejudice.

Dated:  March 2, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/ocon1057.inter