UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>  Plaintiff,<br><br>  v.<br><br>W. PEREZ, et al.,<br><br>  Defendants. | No.  2:18-cv-1057 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights under the Eighth Amendment. Presently before the court are plaintiff's motions for sanctions (ECF No. 72, 78), motion to enlarge the record (ECF No. 71), and motion to compel (ECF No. 60). For the reasons set forth below, the court will deny the motions for sanctions, deny the motion to enlarge the record, and grant in part and deny in part the motion to compel.

**BACKGROUND**

This action proceeds on plaintiff's first amended complaint (ECF No. 22). Plaintiff alleges that he suffers from sleep apnea and has a prescribed breathing machine. (ECF No. 22 at 3.) The mask broke and he filed the required Health Care Services Request form, but did not receive a response. (Id.) He filed two more requests and still did not receive a response. (Id. at 3-4.) He alleges that defendants Perez, Nahal, Nguyen, and Dumont reviewed his requests, but

did not take action to provide him a replacement part for his prescribed medical device. (Id. at 4.) Plaintiff further claims defendants knew that sleep apnea is a potentially fatal condition and that the mask should be replaced immediately. (Id. at 6.) Plaintiff alleges that he filed an inmate appeal and the nurse assigned to review health care appeals phoned staff immediately after reading it to get plaintiff a new mask. (Id. at 4.)

## MOTIONS FOR SANCTIONS

On March 10, 2020,[1] plaintiff filed a motion for sanctions. (ECF No. 72.) Plaintiff stated that defendants' response to his motion to compel was overdue and requested that the court sanction defendants by denying any further requests for an extension of time to reply to his motion.

Plaintiff moved for additional sanctions after he received defendants' opposition to his motion to compel. (ECF No. 78.) Plaintiff argues that sanctions should be imposed because defendants' response is dated March 6, 2020, the date he should have received the document. He claims it was not sufficient for defendants to mail their opposition on March 6, 2020. Additionally, he states it is "incredulous that, deposited in the U.S. mail on March 6, 2020, it took six days," to receive his copy.

Court records indicate that defendants filed their opposition to plaintiff's motion to compel on March 6, 2020. (ECF No. 70.) Because court records indicate that defendants' response was filed by the deadline, the court will deny as moot plaintiff's motion for sanctions.

## MOTION TO ENLARGE

Plaintiff moves to enlarge the record. (ECF No. 71.) He states that he seeks to supplement his motion to compel with documents attached to his request because he may have inadvertently failed to include them with his motion to compel. However, upon review it appears that the referenced documents were included in plaintiff's motion to compel. (See ECF No. 60 at 39-44, 47-52; ECF No. 71 at 3-8, 11-16.) Accordingly, the court will deny as moot plaintiff's

////

---

[1] Pursuant to the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

motion to enlarge the record because the documents he seeks to add were already included in his original motion to compel.

**MOTION TO COMPEL**

**I.     Plaintiff's Motion**

Plaintiff motion seeks to compel further responses to interrogatories 1, 2, 4, 5, 10, 11, 12, and 13.  He also seeks additional responses to the following requests for production: 1, 2, 3, 4, 5 and 6.  However, plaintiff subsequently filed a motion seeking to withdraw his motion as to interrogatories 10 and 11, as well as to requests for production 5 and 6.  (ECF No. 73.)  Accordingly, this order will address only those requests that are still in dispute.

**II.    Defendants' Opposition**

Defendants argue that they have provided adequate responses and proper objections to all the discovery requests.  (ECF No. 70.)  Additionally, they have reproduced each disputed request along with their objections.

**III.   Legal Standards for Motions to Compel**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

"Relevance for purposes of discovery is defined very broadly."  Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in its "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

1    Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may
2    move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P.
3    37(a)(3)(B). The court may order a party to provide further responses to an "evasive or
4    incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have
5    'broad discretion to manage discovery and to control the course of litigation under Federal Rule
6    of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting
7    Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

    "The party seeking to compel discovery has the burden of establishing that its request
satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery
has the burden of showing that the discovery should be prohibited, and the burden of clarifying,
explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL
1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). Specifically, the party moving to
compel bears the burden of informing the court (1) which discovery requests are the subject of the
motion to compel, (2) which of the responses are disputed, (3) why the party believes the
response is deficient, (4) why any objections are not justified, and (5) why the information sought
through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-
1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-
5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

### IV.     Analysis

The court will address each disputed request individually as set forth below.

### A. Interrogatory 1

"Please state you educational and vocational history and training."

(ECF No. 70 at 2.)

#### 1. Defendants' Response

> Responding party has a degree in nursing. Responding party also participates in continuing education as required by the Board of Registered Nursing. Mule Creek State Prison (MCSP) also provides routine training.

(ECF No. 70 at 2.)

4

**2. Arguments**

Plaintiff claims that defendants' answers to this question were identical, complains that their response was too vague, and wants specifics on their continuing education. (ECF No. 60 at 5.)

Defendants argue that they provided full and appropriate responses, there is nothing irregular in the similarities in defendants' responses, and that the additional information plaintiff seeks is irrelevant.

**3. Ruling**

The court finds that defendants' response is sufficient. Defendants are correct that the interrogatory as formulated does not ask for the sort of information plaintiff claims should have been included in the response. Additionally, based on the relatively straightforward nature of plaintiff's claim in this action, provision of each defendant's overall educational level should be sufficient to show that they understood the potential harm in delaying replacement of medical devices.

**B. Interrogatory 2**

> Please state which jobs you held during the timeframe and what duties those jobs entailed, generally.

(ECF No. 70 at 2.)

**1. Defendants' Response**

> Responding party held the position of a Registered Nurse at MCSP. In this position, responding party was responsible for providing patient care.

(ECF No. 70 at 3.)

**2. Arguments**

Plaintiff argues that defendants' response is too vague and that he wants to know how each individual handles medical requests, not how they are handled generally. (ECF No. 60 at 6-8.) Defendants argue that their answer was responsive and appropriate given the question posed. (ECF No. 70 at 3.)

////

////

5

**3. Ruling**

Defendants' answer is responsive to the interrogatory. If plaintiff sought more specific answers, he should not have asked what their duties are "generally." A mere disagreement with the responding party's responses is not a basis for objection. Johnson v. Cate, No. 1:10–cv–02348–LJO–MJS, 2014 WL 4249141, at *6 (E.D. Cal. Aug. 27, 2014).

**C. Interrogatory 4**

> Please state how you handled prisoner submitted CDCR-7362 HEALTHCARE REQUEST FORMS. Please include how received them, how long you had them, and what you did with them when you were done.

(ECF No. 70 at 3.)

**1. Defendants' Response**

> Health Care Services Request Forms (CDCR 7362) are collected from an inmate drop-box at 7:30 a.m. each morning. The form is triaged by a nurse to assess whether it is an urgent matter or a routine matter that can wait. The form is then forwarded to the appropriate department responsible for the issues raised in the request. Responding party followed this process.

(ECF No. 70 at 3.)

**2. Arguments**

Plaintiff argues that he needs more specific information regarding the timing of processing to prove his claims. He highlights the time gap between signatures on his forms. (ECF No. 60 at 9.) Defendants argue that plaintiff's disagreement with the response is not an adequate basis for objection. (ECF No. 70 at 3.)

**3. Ruling**

Plaintiff's interrogatory seems to be asking what each defendant did with the request form in this instance. However, plaintiff's interrogatory did not state that he was inquiring about what each defendant did with his health care grievance. Accordingly, the court finds that defendants' answer is responsive. Further, defendants are correct that plaintiff cannot object simply because he does not like their answer or because he disputes its accuracy in this instance. See Scott v. Palmer, No 1:09-cv-1329 LJO SKO (PC), 2014 WL 6685810 at *3 (E.D. Cal. Nov. 26, 2014) ("While plaintiff may be disinclined to trust Defendants' discovery responses, he is in a position

1  no different than any other civil litigant: in the absence of legal or fact-based substantive

2  deficiencies, he is required to accept the responses provided.").

### D. Interrogatory 5

> Please identify any official records which describe the CDCR-7362 forms, their use by prisoners and processing by staff.

(ECF No. 70 at 3.)

#### 1. Defendants' Response

> Objection. Vague and ambiguous as to "official records." Overly broad and burdensome.

(ECF No. 70 at 4.)

#### 2. Argument

Plaintiff argues he needs information regarding the health care grievance system to prove his case.  (ECF No. 60 at 9-12.)

Defendants argue that it is not clear what plaintiff means when he says, "official records" and because of this ambiguity the request overly broad and burdensome.  (ECF No. 70 at 4.)

#### 3. Ruling

While the request posed by plaintiff is ambiguous with regards to his intent in seeking "official records," defendants' response is unhelpfu.  To the extent plaintiff seeks information regarding the health care grievance system and how it works, such information is discoverable. However, the court notes that much of this information is likely available to plaintiff through the California Code of Regulations, Title 15.

### E. Interrogatory 12

> Please explain the time periods involved, generally, in inmate care when you worked as a nurse during the timeframe. This should include from the time your processed the CDCR-7362 to the time the inmate was see in person or seen by the doctor/dentist, generally.

(ECF No. 70 at 5.)

#### 1. Defendants' Response

> Objection. Vague and ambiguous as to what information Plaintiff is seeking when he states, "Please explain the time periods involved." Also vague and ambiguous as to what CDCR 7362 form is being referenced.

7

(ECF No. 70 at 5.)

### 2. Argument

Plaintiff argues that defendants' responses do not contain the information he sought to receive. (ECF No. 60 at 15-17.) Defendants argue that the request as stated is vague and ambiguous as to official documents and that because of the lack of specificity replying to the request would be burdensome. (ECF No. 70 at 5.)

### 3. Ruling

It appears that what plaintiff seeks is information regarding how health care request forms are prioritized and how much time individual defendants spend addressing health care forms. However, as verbalized in his motion to compel, the court cannot discern exactly what sort of information plaintiff sought. Accordingly, the court will sustain the defendants' objections.

## F. Interrogatory 13

> Please describe your understanding of the medical condition "sleep apnea". Please include-specifically- if you knew, during the time frame, that sleep apnea, left untreated, could be deadly.

(ECF No. 70 at 5.)

### 1. Defendants' Response

> Sleep apnea is a sleep disorder where a person has pauses in breathing or periods of shallow breathing during sleep. In certain circumstances, sleep apnea can jeopardize a person's life. Responding party was aware of this during the period of October 1, 2017, to November 2, 2017.

(ECF No. 70 at 6.)

### 2. Arguments

Plaintiff argues that he "feels" defendants' answer is "less than it should be." (ECF No. 60 at 17.) He also disagrees with the substance of the response. (Id. at 17-18.) Defendants argue that their answer is responsive and sufficient. (ECF No. 70 at 6.)

### 3. Ruling

The court will sustain defendants' objection. Plaintiff's disagreement with the substance and length of the response is not a valid basis for objection.

////

### G. Request for Production 1

> Please produce any memos, directives, or policy changes not contained in the Health Care Services Manual, pertaining to Durable Medical Equipment, processing of inmate submitted CDCR-7362 Health Care Services Requests; if separate from the above, any document with details pertaining to CPAP machines, masks, tubes, etc., in effect from 10-02-17 to 11-02-17.

(ECF No. 70 at 6.)

#### 1. Defendants' Response

> Objection. Overly broad and burdensome. Vague and ambiguous as to "policy changes." Without waiving these objections, responding party answers as follows: Responding party has nothing responsive to this request.

(ECF No. 70 at 6.)

#### 2. Argument

Plaintiff disputes defendants claim that the request is overly broad because he has limited the request to a thirty-day timeframe. (ECF No. 60 at 19-21.) He also states that he recently learned that there will be changes to Title 15, involving sections being deleted, and that inmates will not receive new copies of Title 15. He further states that he has seen clipboards in the nurses' area and feels that there could potentially be memos that would prove defendants violated CDCR policy. Defendants argue that plaintiff's request too vague and over broad. (ECF No. 70 at 10-11.)

#### 3. Ruling

Defendants indicated they were unable to locate any responsive documents. However, plaintiff clarified in his motion to compel that he seeks only documents containing guidance related to CPAP machines. Accordingly, the court will direct defendants to conduct a second search using the narrower criteria articulated in plaintiff's motion to compel and will be directed to produce any responsive documents issued during the relevant timeframe identified in plaintiff's other requests.

### H. Request for Production 2

> Please produce any memos, directives, or policy changes not contained in the Health Care Service Manual relevant to Respiratory Therapy, it's staff, services, provisions from 10-02-17 to 11-02-17.

(ECF No. 70 at 7.)

### 1. Defendants' Response

> Objection. Overly broad and burdensome. Vague and ambiguous as to "policy changes." Without waiving these objections, responding party answers as follows: Responding party has nothing responsive to this request.

(ECF No. 70 at 7.)

### 2. Argument

Plaintiff seeks materials that would provide guidance related to respiratory therapy. He reiterates that it is improper for defendants to treat his request as analogous to a request for a replacement parts for less immediate medical needs. (ECF No. 60 at 21.)

Defendants state that they have nothing responsive to this request. (ECF No. 70 at 7.) Defendants further object to the request as too vague and over broad to be practicable. (Id. at 7-8.)

### 3. Ruling

The court finds that plaintiff's interrogatory request is too vague. Additionally, defendants assert they could not locate any responsive documents. Accordingly, the court finds that defendants' objection should be sustained. See Boyd v. Etchebehere, No. 1:13-cv-1966 LJO SAB PC, 2017 WL 1278047, at *3 (E.D. Cal. Jan. 13, 2017) ("Plaintiff is required to accept defense counsel's representation that such documentation either does not exist or cannot be located, and Defendant cannot be compelled to provide copies of documents that do not exist.").

## I. Request for Production 3

> Please provide copies of any 'huddle' documents kept on file for the timeframe of 10-01-17 through 11-02-17, that reference plaintiff, or CPAP, or CPAP supplies, or "URGENT CARE REQUEST".

(ECF No. 70 at 8.)

### 1. Defendants' Response

> Objection. Overly broad and burdensome. Violates the privacy rights of other patients mentioned in the requested documents.

(ECF No. 70 at 8.)

////

**2. Argument**

Plaintiff clarifies that he seeks notes from daily meetings and argues that documents could be redacted to protect inmates' privacy. (ECF No. 60 at 23-24.)  Defendants argue that plaintiff's request would violate privacy rights and is overbroad as it seeks information unrelated to his claim. (ECF No. 70 at 8.)

**3. Ruling**

The court finds that huddle documents referencing plaintiff, CPAP supplies, and urgent requests during the referenced time period are relevant to plaintiff's claims.  While the information may not be directly related to plaintiff's claim, such information could circumstantially support a finding that defendants were deliberately indifferent here because they had a pattern of disregarding serious health care requests.  Pitt v. Davis, No. 2:12-cv-0823 TLN AC, 2014 WL 4635464, at *9 (E.D. Cal. Sept. 15, 2014).  Additionally, as it relates to privacy, any identifying information may be redacted.  Plaintiff's motion to compel is granted as to Request for Production number 3.

**J. Request for Production 4**

> Please identify, and if possible, produce a copy of any document which would describe why CPAP masks, needed immediately upon failure of an issued one, were not kept in supply during the time frame of 10-01-17 through 11-02-17.

(ECF No. 70 at 8.)

**1. Defendants' Response**

> Objection. Lacks foundation. Without waiving this objection, responding party answers as follows: Responding party has nothing responsive to this request.

(ECF No. 70 at 8.)

**2. Argument**

Plaintiff spends this portion of his motion arguing the merits of his case and reiterating that he finds defendants' actions to be unfathomable. (ECF No. 60 at 24-26.)  Defendants argue that they have no responsive documents and plaintiff's request assumes a fact that is at issue in this action. (ECF No. 70 at 8-9.)

11

     **3. Ruling**

The request seeks confirmation of a legal conclusion. (See Garrett, 2019 WL 6330269 at *7.) Plaintiff's questions assumes that masks were not kept in stock. However, as defendants have argued that fact has not been established. Accordingly, the court will sustain defendants' objection as to this request. Additionally, defendants have stated that they do not have any documents responsive to this request. They cannot be compelled to produce a document that does not exist.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for sanctions (ECF No. 72, 79) are denied as moot.
2. Plaintiff's motion to enlarge the record (ECF No. 71) is denied as moot.
3. Plaintiff's motion to compel (ECF No. 60) is granted in part/denied in part granted/denied as follows:

    a. **Request for Production Number 1** – Defendants shall conduct a search for produce any memos, directives, or policy changes not contained in the Health Care Services Manual, pertaining to CPAP machines, in effect from 10-02-17 to 11-02-17. If any responsive documents are located, they shall be produced to plaintiff within forty-five days of the date of this order.

    b. **Request for Production Number 3** – Defendants shall provide redacted copies of any 'huddle' documents kept on file for the timeframe of 10-01-17 through 11-02-17, that reference plaintiff, or CPAP, or CPAP supplies, or "URGENT CARE REQUEST" within forty-five days of the date of this order.

////
////
////
////
////

4. Defendants shall file a summary detailing whether any responsive documents were located to provide to plaintiff, if any documents were produced, and whether those documents have been sent to plaintiff within sixty days of the date of this order.

Dated: April 23, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/ocon1057.mtc