UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>                 Plaintiff,<br><br>      v.<br><br>W. PEREZ, et al.,<br><br>                 Defendants. | No.  2:18-cv-1057 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff claims defendants violated his Eighth Amendment rights.  Presently before the court is plaintiff's motion for third party subpoenas.  (ECF No. 69.)  For the reasons set forth below, the court will deny plaintiff's motion for subpoenas.

**I.      Motion for Subpoenas**

Plaintiff has requested issuance of subpoenas to two third parties employed at Mule Creek State Prison (MCSP), licensed vocational nurse L. Wynne and registered nurse Michelle Martinez.  (ECF No. 69 at 2, 3.)  Plaintiff claims he has written two CDCR employees asking them to voluntarily provide an affidavit detailing their knowledge of and participation in this matter.  Plaintiff argues that the court should issue subpoenas compelling them to compose affidavits because they have information that will help him prove his claim.

////

**II.    Defendants' Opposition**

Defendants oppose the motion arguing that Rule 45 of the Federal Rules of Civil Procedure does not authorize the issuance of a subpoena directing a non-party to create an affidavit.  (ECF No. 79.)  Defendants argue that Rule 45 may be used to compel a non-party to allow plaintiff to view an existing document, but does not authorize an order compelling a non-party to create a new document.

**III.   Legal Standards**

A subpoena duces tecum, served pursuant to Federal Rule of Civil Procedure 45(a)(2), directs a non-party to an action to produce documents or other tangible objects for inspection.  Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal.  See 28 U.S.C. § 1915(d).  A subpoena must be personally served, or it is null and void.  Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475, 479 (D. Alaska 1958).

This court must consider the following matters before approving service of a proposed subpoena duces tecum.  A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"), and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d).  The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum."  Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party).  Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors.  Badman, 139 F.R.D. at 605.

Additionally, courts in this district require that a motion requesting issuance of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom,

and (2) a showing that the records are obtainable only through the identified third party.  See e.g. Davis v. Ramen, No. 1:06-cv-1216 AWI SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-0124 AWI SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 13, 2010).  The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena.  See Fed. R. Civ. P. 45(a)(1)(A)(iii).

Finally, pursuant to Rule 45(c)(2), a subpoena duces tecum commands the recipient to "produce" documents.  Plaintiff is advised that he may be provided access to review documents but that if he wishes to have copies of the documents, he may be required to photocopy them at his own expense.

**IV.     Discussion**

"An unexecuted and likely undrafted declaration of a non-party is not an existing document in anybody's possession, custody or control. Therefore, a request to subpoena a non-party to produce an affidavit, such as plaintiff is requesting here, is beyond the scope of Rule 45." West v. Dixon, No. 2:12-cv-1293 DAD P, 2014 WL 114659, at *1 (E.D. Cal. Jan. 9, 2014) (citing Johnson v. Dovey, No. 1:08-cv-0640 LJO DLB PC, 2010 WL 1957278 at * 1 (E.D. Cal. May 14, 2010)).  Accordingly, plaintiff's motion for the issuance of subpoenas will be denied.  However, plaintiff may be able to compel testimony of the two non-party witnesses through the procedures outlined in Federal Rule of Civil Procedure 31.[1]  Plaintiff is warned that his in forma pauperis status does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a

////

---

[1] The deposition upon written questions basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent, (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness[.]  See Harrell v. Jail, No. 2:14-cv-1690 TLN CKD P, 2015 WL 8539037, *1-2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, No. 1:06-cv-0136 ALA (P), 2008 WL 1925242, at *1-2 (E.D. Cal. Apr. 30, 2008)).

transcript. Jackson v. Woodford, No. 05cv0513-L (NLS), 2007 WL 2580566, at *1. (S.D. Cal. August 17, 2007).

### V.    Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion for third party subpoenas (ECF No. 69) is denied.

Dated:  April 23, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/ocon1057.3p.subp(2)

4