UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>    Plaintiff,<br><br>    v.<br><br>W. PEREZ, et al.,<br><br>    Defendants. | No. 2:18-cv-1057 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights under the Eighth Amendment. Presently before the court is plaintiff's motion to compel. (ECF No. 85.) For the reasons set forth below, the court will deny the motion without prejudice.

**BACKGROUND**

This action proceeds on plaintiff's amended complaint. (ECF No. 22.) Plaintiff alleges that he suffers from sleep apnea and has a prescribed breathing machine. (ECF No. 22 at 3.) The mask broke and he filed the required Health Care Services Request form, but did not receive a response. (Id.) He filed two more requests and still did not receive a response. (Id. at 3-4.) He alleges that defendants Perez, Nahal, Nguyen, and Dumont reviewed his requests, but did not take action to provide him a replacement part for his prescribed medical device. (Id. at 4.) Plaintiff further claims defendants knew that sleep apnea is a potentially fatal condition and the mask

should be replaced immediately. (Id. at 6.) Plaintiff alleges that he filed an inmate appeal and the nurse assigned to review health care appeals phoned staff immediately after reading it to get plaintiff a new mask. (Id. at 4.)

## MOTION TO COMPEL

### I. Legal Standards for Motions to Compel

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery

has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). Specifically, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

## II.     Plaintiff's Motion is Procedurally Deficient

Plaintiff's motion states that he "would like to proceed only with 'Defendant's Responses to Plaintiff's Third Set of Interrogatories.'" (ECF No. 85 at 2.) He proceeds to suggest improvements for how the data could have been stored by medical staff and accessed for discovery.

Plaintiff references a document he mailed on March 8, 2020 to defendants called "Plaintiff Objects To Defendants' Answers To Request For Production of Documents." He alleges that they were not received by the court as they were not referenced in the April 23, 2020 Order (ECF No. 81). The plaintiff states that these are attached "to be sure they have been considered." (ECF No. 85 at 3.) However, there are no documents attached to the motion to compel and court records do not indicate any objections filed by the plaintiff on March 8, 2020. Plaintiff further states that his own records do not reflect whether or not the objections were sent to the court. (Id. at 3.) Since it is not clear to which document the plaintiff refers, the court cannot decipher what arguments plaintiff would like to be considered. In future pleadings, plaintiff is instructed to refer to documents by their caption or docket number.

Defendants argue that plaintiff's motion is procedurally deficient because it fails to explain what discovery requests are at issue and how the Defendants' responses to those requests were inadequate. (ECF No. 88 at 1.) Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not

3

justified. See e.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis, 2008 WL 860523, at *4.  This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113779, at *1.  Additionally, Local Rule 250(c) requires a party seeking an order to compel discovery to submit to the court the requests for production which are at issue.

Plaintiff's motion does not identify which specific requests for production he alleges were deficient.[1] Additionally, he has not provided any additional information explaining why defendants' objections are invalid. Accordingly, he has not met his burden and the court cannot grant the motion.

Moreover, plaintiff's motion provides no basis for this court to compel defendants to respond to the discovery request.  In the court's order granting plaintiff's first motion to compel in part, the court advised plaintiff of the legal standards set forth above. Plaintiff should know that to succeed on a motion to compel, he must explain just why he believes each response, including all objections therein, are deficient and why the information he seeks is relevant to his case. Plaintiff has simply not done so.

Accordingly, the court will deny the motion to compel without prejudice to its renewal should plaintiff wish to file a renewed motion articulating specific discovery requests at issue seeking information relevant to his claims. Additionally, any renewed motion should articulate why the defendants' objections are not justified.

////
////
////
////
////

---

[1] While plaintiff references "Documents enclosed with 'Motion to Compel' (2nd)", these documents are not attached to the motion. (ECF No. 85 at *8)

4

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 85) is denied without prejudice.

Dated: August 14, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:Extern
DLB:1/Orders/Prisoner/Civil.Rights/ocon1057.mtc2