UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>Plaintiff,<br><br>v.<br><br>W. PEREZ, et al.,<br><br>Defendants. | No.  2:18-cv-1057 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff claims defendants violated his Eighth Amendment rights.  Presently before the court is plaintiff's motion for reconsideration (ECF No. 77), plaintiff's motion for sanctions (ECF No. 78), second motion for third party subpoenas (ECF No. 86), and plaintiff's notice of outstanding issues (ECF No. 94).  For the reasons stated below, the court will deny the motions and direct defendants to file a response informing the court of the status of any outstanding discovery requests.

**MOTION FOR RECONSIDERATION**

Plaintiff moves for reconsideration of the court's order denying his motion to propound additional interrogatories.  (ECF No. 77.)  In support of his motion plaintiff argues that the court should grant his motion because it issued the order denying his motion before considering the arguments contained in his reply (ECF No. 68).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted). Additionally, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. Local Rule 230(j)(3)-(4).

The undersigned denied the motion to serve additional interrogatories because it was not clear how many additional interrogatories plaintiff wanted to submit and because plaintiff had not submitted proposed interrogatories or specified what additional information he sought. Plaintiff has specified that he seeks leave to propound 300 total interrogatories and indicated that after submitting the original set of interrogatories he needs to ask follow-up questions. However, it is not clear how many interrogatories plaintiff has already submitted to defendants and how many additional interrogatories plaintiff needs to get the information sought. Further, plaintiff was instructed that any future motion should include proposed interrogatories and state specifically why additional interrogatories are necessary. (See ECF No. 67 at 4.)

Plaintiff's motion for reconsideration does not include proposed interrogatories and he has not specified how many additional interrogatories he seeks. Accordingly, after a review of the original motion (ECF No. 59), the reply (ECF No. 68), and the motion for reconsideration (ECF No. 77), the court finds that plaintiff has not shown good cause to propound 300 total interrogatories.

## MOTION FOR SANCTIONS

Plaintiff has moved for an order sanctioning the defendants. (ECF No. 78.) Plaintiff argues that defendants should be sanctioned because he did not receive their opposition to his motion to compel on the day it was due. The court determined in its April 24, 2020 order that sanctions were not appropriate because court records indicated that defendants timely filed their

opposition.  (ECF No. 81 at 2.)  The court notes that in on the final page of that order the wrong docket number was used.  Accordingly, the court will clarify that plaintiff's second motion for sanctions (ECF No. 78) is denied for the reasons stated in the April 24, 2020 order.

## MOTION FOR THIRD PARTY SUBPOENAS

### I.    Motion for Subpoenas

Plaintiff seeks an order directing individuals at Mule Creek State Prison (MCSP) to issue: (1) the work product defendants produced when they processed his health care requests and (2) correspondence MCSP employees have from plaintiff, not including inmate appeals, while he was housed at MCSP.  (ECF No. 86.)  Regarding his first request plaintiff states that he "believes each defendant utilized a state-owned computer workstation, logging in and displaying 'screens' of use in the process of 'triage.'"  (ECF No. 86 at 3.)

### II.    Legal Standards

A subpoena duces tecum, served pursuant to Federal Rule of Civil Procedure 45(a)(2), directs a non-party to an action to produce documents or other tangible objects for inspection. This court must consider the following matters before approving service of a proposed subpoena duces tecum.  A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"), and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d).  The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party).  Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors.  Badman, 139 F.R.D. at 605.

////

Additionally, courts in this district require that a motion requesting issuance of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See e.g. Davis v. Ramen, No. 1:06-cv-1216 AWI SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-0124 AWI SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 13, 2010). The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena. See Fed. R. Civ. P. 45(a)(1)(A)(iii).

Finally, pursuant to Rule 45(c)(2), a subpoena duces tecum commands the recipient to "produce" documents. Plaintiff is advised that he may be provided access to review documents but that if he wishes to have copies of the documents, he may be required to photocopy them at his own expense.

**III.    Discussion**

In his first request plaintiff seeks the "work product" created by defendants when reviewing his health care request forms. Plaintiff believes defendants used a computer that displayed "'screens' of used in the process of 'triage.'"

Plaintiff's request is aimed at attaining information regarding how his health care requests were processed or triaged by the defendants. Such information could be obtained by asking defendants for copies of these records rather than through a third party. Because the information sought is available by a discovery request directed toward defendants, the court will deny plaintiff's request for third party subpoena as to his first request.

Plaintiff's second request, for all of the correspondence MCSP have on file from plaintiff, is overbroad. The court finds that plaintiff has failed to establish that all the correspondence he sent while incarcerated at MCSP is relevant to his claim in this action. Additionally, plaintiff has failed to identify a specific person to whom this request is directed toward. Accordingly, the court finds that plaintiff's motion for third party subpoena should be denied.

////

////

**NOTICE RE UNRESOLVED ISSUES**

Plaintiff has filed a document captioned "Notice re Unresolved Issues." Therein, plaintiff states that there are several issues that remain outstanding in this action. Plaintiff has also indicated that the court has not responded to his request for instruction or assistance (ECF No. 47) or his request for clarification (ECF No. 87). He is advised that those documents have not been addressed because the court cannot give plaintiff legal advice. See Rodriguez v. Simmons, No. 2:09-cv-2195 KJN PS, 2011 WL 704637 at *2 (E.D. Cal. Feb. 18, 2011); Zamaro v. Moonga, No. 1:09-cv-0580 GSA PC, 2009 WL 5197851 at *1, (E.D. Cal. Dec. 22, 2009).

In response to discovery requests from plaintiff, defendants sent him various documents. (ECF No. 94 at 3.) Plaintiff communicated to counsel that all of the documents he had received stated, "verification to follow." However, up until the last set of documents, none of the documents were verified. Plaintiff alleges this is a violation of Federal Rule of Civil Procedure 33. Plaintiff later states that on July 30, 2020 he received a verification for defendants' responses to the third set of interrogatories. (ECF No. 94 at 10.) He further states that "[t]he court will have to decide if these are valid. Plaintiff will not send copies of these." (Id.)

Plaintiff is advised that the court cannot determine the validity of documents that have not been presented to the court. Plaintiff alleges that on May 13, 2020 he sent a request for admission regarding a printout from plaintiff's continuous positive airway pressure (CPAP) machine. Plaintiff alleges that defendants never responded. (ECF No. 10 at 7.)

Because it is unclear what issues remain unresolved, the court will direct defendants to file a response whether there are any outstanding discovery requests and the status of the verifications.

////
////
////
////
////
////

5

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 77) is denied;
2. Plaintiff's motion for sanctions (ECF No. 78) is denied;
3. Plaintiff's motion for third party subpoenas (ECF No. 86) is denied;
4. Within forty-five days of the date of this order defendants shall file a response indicating the status of any outstanding discovery requests, the reason any requests have not been answered, and indicating whether any responses need to be verified.

Dated:  August 31, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/ocon1057.subp.clean