UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>    Plaintiff,<br><br>    v.<br><br>W. PEREZ, et al.,<br><br>    Defendants. | No.  2:18-cv-1057 DB P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants violated his Eighth Amendment rights.  Presently before the court is plaintiff's motion to appoint counsel.  (ECF No. 99.)

      Plaintiff argues the court should appoint counsel because prison staff have denied him access to law library resources as he has not been given pens or sufficient paper.  Additionally, plaintiff has been told that staff will not copy documents.  Plaintiff claims that as a result he cannot represent himself.

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff has shown that he is able to articulate his claims pro se in this action. Therefore, the court will deny plaintiff's motion. However, the court takes seriously plaintiff's allegation that he has not been provided with sufficient materials and photocopying assistance to proceed in this action. Accordingly, the court will direct counsel for defendants to ascertain what access plaintiff presently has to legal materials and copies of required documents.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 99) is denied.
2. Counsel for defendants is instructed to:
   a. Contact the Litigation Coordinator at California Health Care Facility to determine whether plaintiff has access to law library materials and photocopying assistance; and
   b. Within thirty (30) days of the date of this order, file and serve a statement reflecting the findings of such an inquiry, including all appropriate declarations.

Dated:  September 16, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/ocon1057.31(2)