1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GLENN O'CONNOR,                          No.  2:18-cv-1057 DB P

12                 Plaintiff,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   W. PEREZ, et al.,

15                 Defendants.

16

17           Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.  Plaintiff claims defendants violated his Eighth Amendment rights.  Presently before the

19   court are the parties' cross motions for summary judgment (ECF Nos. 92, 123), plaintiff's

20   motions to expand the record (ECF Nos. 95, 102), and plaintiff's motion for hearing (ECF No.

21   115).  For the reasons set forth below, the court will recommend that defendants' motion for

22   summary judgment be granted and plaintiff's motion for summary judgment be denied.

23   Additionally, the court will grant plaintiff's motions to expand the record and deny his motion for

24   hearing.

25   ////

26   ////

27   ////

28   ////

                                              1

**BACKGROUND**

### I.      Relevant Procedural History

This action proceeds on plaintiff's second amended complaint.  (ECF No. 22.)  By order dated April 18, 2019, the court found the second amended complaint stated a cognizable Eighth Amendment claim against defendants Dumont, Nahal, Nguyen, and Perez.  (ECF No. 27.)

Following participation in the court's Post-Screening ADR (Alternative Dispute Resolution) Project (see ECF Nos. 33, 38, 43), defendants filed an answer (ECF No. 49), and the parties engaged in discovery.

Plaintiff filed a motion for summary judgment (ECF No. 92), defendants filed an opposition (ECF No. 100), and plaintiff filed a reply (ECF No. 103).  Thereafter, defendants filed their own motion for summary judgment (ECF No. 123) and plaintiff filed an opposition (ECF No. 124).

### II.      Allegations in the Complaint

Plaintiff alleges that he suffers from sleep apnea and has a prescribed breathing machine. (ECF No. 22 at 3.)  The mask broke and he filed the required health care services request form, but did not receive a response.  (Id.)  He filed two more requests and still did not receive a response.  (Id. at 3-4.)  He alleges that defendants Perez, Nahal, Nguyen, and Dumont reviewed his requests, but did not take action to provide him a replacement part for his prescribed medical device.  (Id. at 4.)  Plaintiff further claims defendants knew that sleep apnea is a potentially fatal condition and the mask should be replaced immediately.  (Id. at 6.)

Plaintiff further states that he filed an inmate appeal and the nurse assigned to review health care appeals phoned staff immediately after reading the appeal to get plaintiff a new mask. (Id. at 4.)

**MOTIONS TO ENLARGE THE RECORD**

After plaintiff filed his motion for summary judgment, he filed two motions seeking to supplement and/or correct items in his summary judgment motion.  (ECF Nos. 95, 102.)

Approximately two weeks after he filed his motion for summary judgment, plaintiff filed a motion captioned "Motion to Enlarge the Record and Notice of Possible Errors in Motion for

2

1  Summary Judgment." (ECF No. 95.) Therein he states that review of his motion for summary

2  judgment shows that the backside of two of his health care grievances were not properly copied.

3  (ECF No. 95 at 2.) He also states that some of the exhibits attached to his motion for summary

4  judgment may be duplicates and that some are out of order. (ECF No. 95 at 2.)

5  Thereafter, plaintiff filed a second motion to enlarge the record. (ECF No. 102.) He

6  stated that he was not aware summary judgment motions must be accompanied by a statement of

7  undisputed facts. (Id. at 2.) Plaintiff attached such a statement to his motion.

8  In light of plaintiff's pro se status, the court will grant the motions to enlarge the record.

9  The court has reviewed and considered the attached exhibits and statement of undisputed facts in

10  resolving the parties' cross motions for summary judgment.

## MOTIONS FOR SUMMARY JUDGMENT

### I. The Parties' Motions

#### A. Plaintiff's Motion for Summary Judgment

14  Plaintiff argues that his need for a replacement part for his breathing machine was, or

15  should have been, obvious to each of the defendants. Thus, their failure to immediately provide

16  him with a replacement part constituted deliberate indifference.

17  Plaintiff devotes a considerable portion of his motion to describing pertinent sections of

18  title 15 of the California Code of Regulations. Specifically, those portions that relate to

19  processing of inmates' health care grievances and replacing medical equipment. Plaintiff also

20  argues that Medication Administration Records show that plaintiff failed to report to receive his

21  tiotropium bromide medication every day from 10/09/17-10/30/17. (ECF No. 92 at 27.) He

22  argues this shows that he was unable to care for himself. Finally, he argues that he was harmed

23  by the delay because he lost oxygen to his brain every time he stopped breathing while sleeping.

24  In their opposition, defendants argue that genuine dispute of material fact precludes

25  summary judgment and the evidence shows that defendants responded appropriately to plaintiff's

26  medical needs. (ECF No. 100.) Defendants further argue that plaintiff's motion should be denied

27  because he has failed to comply with Local Rule 260 which requires that a party's motion for

28  summary judgment shall be accompanied by a statement of undisputed facts. (Id. at 5.)

1   Defendants allege that plaintiff's need for a replacement mask did not constitute a serious

2   medical need.  (Id. at 6.)  They point out that plaintiff's request forms did not state that he was

3   suffering from symptoms that would warrant different handling of his health care request.  (Id. at

4   6.)  Plaintiff indicates that while he was waiting for a new mask, he would wake up in the night to

5   find he had stopped breathing.  However, defendants point out that plaintiff did not include those

6   facts in his health care requests. (Id. at 7.)  Nor is there a record indicating that plaintiff brought

7   up his symptoms when he met with Nguyen on October 18, 2017 or the respiratory therapist on

8   October 31, 2017.  (Id.)

9   **B.  Defendants' Motion for Summary Judgment**

10   Defendants argue that summary judgment should be granted in their favor because

11   plaintiff did not have a serious medical need and they responded adequately to his health care

12   requests.  (ECF No. 123.)

13   In his opposition, plaintiff requests leave "to not have to reproduce the itemized facts as

14   required by Local Rule 260(b)" based on his health issues.[1]  (ECF No. 124 at 1-2.)  Plaintiff does

15   not feel that defendants properly triaged his health care request forms.  (ECF No. 124 at 2.)  He

16   further argues that defendants "assertions are misleading, factually incorrect, false, or

17   incomplete."  (ECF No. 124 at 6.)

18   **II.    Legal Standards**

19   **A.  Summary Judgment under Rule 56**

20   Summary judgment is appropriate when the moving party "shows that there is no genuine

21   dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

22   Civ. P. 56(a).  Under summary judgment practice, "[t]he moving party bears the burden of

23   proving the absence of a genuine issue of material fact."  In re Oracle Corp. Sec. Litig., 627 F.3d

24   376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving

25   party may accomplish this by "citing to particular parts of materials in the record, including

26

27   _____

[1] Plaintiff states that he is being treated for four "potentially deadly lung diseases," has
28   pneumonia, and is being prescribed powerful and potentially debilitating medications.  (ECF No.
124 at 1-2.)

4

1   depositions, documents, electronically stored information, affidavits or declarations, stipulations

2   (including those made for purposes of the motion only), admissions, interrogatory answers, or

3   other materials" or by showing that such materials "do not establish the absence or presence of a

4   genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

5   Fed. R. Civ. P. 56(c)(1).

6        "Where the non-moving party bears the burden of proof at trial, the moving party need

7   only prove there is an absence of evidence to support the non-moving party's case." Oracle

8   Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B).

9   Indeed, summary judgment should be entered, "after adequate time for discovery and upon

10  motion, against a party who fails to make a showing sufficient to establish the existence of an

11  element essential to that party's case, and on which that party will bear the burden of proof at

12  trial." Celotex, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element

13  of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.  In such

14  a circumstance, summary judgment should "be granted so long as whatever is before the district

15  court demonstrates that the standard for the entry of summary judgment, as set forth in Rule

16  56(c), is satisfied." Id.

17       If the moving party meets its initial responsibility, the burden shifts to the opposing party

18  to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec.

19  Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  In attempting to establish the

20  existence of this factual dispute, the opposing party may not rely upon the allegations or denials

21  of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

22  admissible discovery material, in support of its contention that the dispute exists.  See Fed. R.

23  Civ. P. 56(c).  The opposing party must demonstrate that the fact in contention is material, i.e., a

24  fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty

25  Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809

26  F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a

27  reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248.

28  ////

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party."  Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (per curiam) (citation omitted).  It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586 (citations omitted).  "Where the record is taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

On a motion for summary judgment, it is inappropriate for the court to weigh evidence or resolve competing inferences.  "In ruling on a motion for summary judgment, the court must leave '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' to the jury."  Foster v. Metropolitan Life Ins. Co., 243 Fed.Appx. 208, 210 (9th Cir. 2007) (quoting Anderson, 477 U.S. at 255).

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial.  See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992).  The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss.  See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  On a motion for summary judgment for non-exhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."  Id. at 1172.  If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  The ultimate burden of proof remains with the defendant, however.  Id.  If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the

1   facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury

2   decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

3         **B. Eighth Amendment**

4        The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S.

5   Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

6   punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

7   Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

8   Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

9   and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

10  by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

11       If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner

12  must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference

13  to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has

14  two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

15  response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

16  other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

17       A medical need is serious "if the failure to treat the prisoner's condition could result in

18  further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974

19  F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

20  "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

21  at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

22  objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

23  825, 834 (1994).

24       If a prisoner establishes the existence of a serious medical need, he must then show that

25  prisoner officials responded to the serious medical need with deliberate indifference.  See Id. at

26  834.  In general, deliberate indifference may be shown when prison officials deny, delay, or

27  intentionally interfere with medical treatment, or may be shown by the way in which prison

28  ////

1  officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.

2  1988).

3  Before it can be said that a prisoner's civil rights have been abridged with regard to

4  medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

5  'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

6  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

7  Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

8  diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

9  Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

10  mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

11  the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

12  Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

13  at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

14  plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th

15  Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

16  Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,

17  200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

18  1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

19  provide additional support for the inmate's claim that the defendant was deliberately indifferent to

20  his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

21  Finally, mere differences of opinion between a prisoner and prison medical staff or

22  between medical professionals as to the proper course of treatment for a medical condition do not

23  give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

24  332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

25  F.2d 1337, 1344 (9th Cir. 1981).

26  **III.    Material Facts**

27  Defendants filed a Statement of Undisputed Facts ("DSUF") as required by Local Rule

28  260(a) along with their motion for summary judgment.  (ECF No. 123-3.)  Plaintiff's filing in

8

1   opposition as well as his motion for summary judgment fails to strictly comply with Local Rule

2   260(a) and (b).  (ECF No. 92, 124.)  Rule 260(b) requires that a party opposing a motion for

3   summary judgment "shall reproduce the itemized facts in the Statement of Undisputed Facts and

4   admit those facts that are undisputed and deny those that are disputed, including with each denial

5   a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer,

6   admission, or other document relied upon in support of that denial."

7        The court is mindful of the Ninth Circuit's instruction that district courts are to "construe

8   liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary

9   judgment rules strictly."  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).  Accordingly,

10  the court considers the record before it in its entirety despite plaintiff's failure to be in strict

11  compliance with the applicable rules.  However, only those assertions in the opposition that have

12  evidentiary support in the record will be considered.

13       Plaintiff has identified the material facts he disagrees with in his opposition.  (ECF No.

14  124 at 7-12.)  However, he has not cited to specific portions of the record to support his assertions

15  that these facts are in dispute.  In light of plaintiff's pro se status, the court has reviewed

16  plaintiff's filings, including his supplemented statement of undisputed facts, in an effort to discern

17  whether he denies any material fact asserted in the defendant's DSUF.

18       Plaintiff has not challenged, and nothing in the record contradicts, any of the facts relating

19  to the timing of the events surrounding the submission of his requests, when those requests were

20  reviewed, and when he received a replacement part, accordingly the facts surrounding these

21  events shall be deemed admitted for purposes of the motion.  Fed. R. Civ. P. 56(e)(1) ("If a party .

22  . . fails to properly address another party's assertion of facts as required by Rule 56(c), the court

23  may . . . consider the fact undisputed for purposes of the motion.")

24                      **A.  Undisputed Facts**

25       At all times relevant to the claim, plaintiff was a California Department of Corrections and

26  Rehabilitation ("CDCR") inmate housed at Mule Creek State Prison.  (Plaintiff's Statement of

27  Undisputed Facts ("PSUF") (ECF No. 102) at 6.)  Plaintiff has been diagnosed with obstructive

28  ////

1    sleep apnea and was prescribed a continuous positive airway pressure (CPAP) machine.  (DSUF

2    (ECF No. 123-3) at ¶ 1; ECF No. 92 at 2.)

3            After the mask plaintiff used with his CPAP machine broke, he submitted three healthcare

4    request forms informing staff that he needed a replacement mask for his CPAP machine.  (ECF

5    No. 92 at 2, 40; DSUF (ECF No. 123-3) at ¶ 2.)

6            Inmate health care services request forms are triaged by a nurse to determine whether it is

7    an urgent or emergent matter or if it is a routine matter that does not need to be addressed

8    immediately.  (ECF No. 100-1 at 1-2.)  Routine requests will be responded to within fourteen

9    days.  (ECF No. 100-1 at 2.)  After a request has been triaged it is forwarded to the appropriate

10   department and dealt with accordingly.  (ECF No. 100-1 at 2.)

11           Plaintiff submitted his first CDCR 7362 form on October 3, 2017.  (ECF No. 92 at 2, 58;

12   DSUF (ECF No. 123-3) at ¶ 4.)  He wrote "URGENT CARE REQUEST" on the form.  (ECF No.

13   92 at 2, 58.)  In the form plaintiff stated he needed a new CPAP mask.  (ECF No. 92 at 2, 58;

14   DSUF (ECF No. 123-3) at ¶ 5.)  Perez reviewed plaintiff's CDCR 7362 form on October 4, 2017.

15   (DSUF (ECF No. 123-3) at ¶ 6; ECF No. 92 at 29.)

16           Plaintiff submitted a second CDCR 7362 form on October 9, 2017.  (ECF No. 92 at 3;

17   DSUF (ECF No. 123-3) at ¶ 9.)  Plaintiff again wrote "URGENT CARE REQUEST" on the

18   form.  (ECF No. 92 at 3.)  The form stated that plaintiff's mask and hose were broken.  (DSUF

19   (ECF No. 123-3) at ¶ 9.)  Nahal reviewed plaintiff's second CDCR 7362 form on October 10,

20   2017.  (DSUF (ECF No. 123-3) at ¶ 9; ECF No. 92 at 29.)

21           Plaintiff's first and second CDCR 7362 forms were forwarded to Dumont for review on

22   October 16, 2017.  (DSUF (ECF No. 123-3) at ¶ 7, 9.)  Dumont responded to both requests

23   stating that plaintiff would be scheduled to be seen by the respiratory therapist.  (DSUF (ECF No.

24   123-3) at ¶ 8, 11; ECF No. 92 at 58, 60.)

25           Plaintiff submitted his third CDCR 7362 form on October 15, 2017.  Plaintiff again wrote

26   "URGENT CARE REQUEST" on the form.  (ECF No. 92 at 3.)  He also stated that he was

27   "suffering terribly" and could not sleep, and he had reported the broken mask almost two weeks

28   ////

1   ago.  (DSUF (ECF No. 123-3) at ¶ 12, 13; ECF No. 92 at 3.)  Plaintiff's third request was

2   reviewed by Nguyen on October 16, 2017.  (DSUF (ECF No. 123-3) at ¶ 12; ECF No. 92 at 29.)

3          Dumont reviewed plaintiff's third request on October 18, 2017.  (DSUF (ECF No. 123-3)

4   at ¶ 15; ECF No. 92 at 62.)  He again responded by stating plaintiff would be scheduled for an

5   appointment with the respiratory therapist.  (DSUF (ECF No. 123-3) at ¶ 15; ECF No. 92 at 62.)

6   Also on October 18, 2017, plaintiff was seen by Nguyen in relation to a separate CDCR 7362

7   form.  (DSUF (ECF No. 123-3) at ¶ 16; PSUF (ECF No. 102) at 8.)  At this meeting Nguyen told

8   plaintiff he would be ducated "at the appropriate time" to be seen by a doctor regarding his

9   complaints that his "current treatments" were "ineffective."  (Id.)

10          Plaintiff also filed a health care grievance on October 16, 2017.  (ECF No. 92 at 5.)  On

11   October 31, 2017, plaintiff received a priority medical ducat to report to the clinic where he was

12   given a replacement mask.  (ECF No. 92 at 5.)  Plaintiff was seen by the respiratory therapist on

13   October 31, 2017.  (DSUF (ECF No. 123-3) at ¶ 18.)  During that appointment, he was given a

14   replacement mask.  (ECF No. 92 at 29; DSUF (ECF No. 123-3) at ¶ 18.)

15                              **B.  Disputed Facts**

16          There is no dispute regarding the timing of the events relating to this action.  The parties

17   agree that plaintiff submitted three health care request forms and that he was provided with a

18   replacement part on October 31, 2017.  Plaintiff has not disputed the records produced by

19   defendants indicating when his requests were reviewed by each of the defendants.

20          Plaintiff claims replacement parts for his CPAP machine were available at the prison

21   facility because Licensed Vocation Nurse (LVN) Wynne gave him a replacement mask before he

22   was officially given a replacement part on October 31, 2017.  (ECF No. 92 at 53-54.)  Defendants

23   claim the respiratory therapist is "not a regular prison employee" and only came the MCSP once a

24   month.  (DSUF (ECF No. 123-3) at ¶ 17.)  The replacement items plaintiff needed were brought

25   to the prison facility by the respiratory therapist.  (DSUF (ECF No. 123-3) at ¶ 17.)  As set forth

26   below, the court's findings do not depend on these disputed facts.

27   ////

28   ////

11

1    **IV.    Analysis**

2         Plaintiff argues that his Eighth Amendment rights were violated by defendants' failure to

3    categorize his health care requests as urgent and to promptly provide a replacement mask for his

4    CPAP machine.  (ECF Nos. 92, 124.)  Defendants argue that plaintiff did not have a serious

5    medical need and they adequately responded to his health care requests.  (ECF Nos. 100, 123.)

6         Plaintiff disagrees with defendants' classification of his health care requests as "routine"

7    rather than "urgent."  Defendants argue that there was nothing in plaintiff's request forms to

8    indicate that he required immediate medical attention.  Plaintiff has alleged he was waking up to

9    severe chest pain because he had stopped breathing.  (ECF No. 92 at 3.)  However, such

10   information was not contained in his health care request forms.  (ECF No. 92 at 58, 60, 62; ECF

11   No. 123-4 at 4, 6, 8.)  Further, they allege that his healthcare requests were dealt with adequately.

12   Plaintiff's argument that defendants should have treated his request as urgent rather than routine,

13   is nothing more than a difference of medical opinion.  <u>Franklin v. State of Oregon State Welfare</u>

14   <u>Div.</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient

15   and prison medical authorities does not give rise to a § 1983 claim.").

16        The undisputed facts as set forth in the parties' cross motions for summary judgment show

17   that plaintiff did not put defendants on notice that his need for a replacement mask constituted a

18   serious medical need.  Plaintiff indicated that he needed a new part for his CPAP machine but did

19   not include any statement that would indicate his need was urgent in any of the three requests.

20   (ECF No. 92 at 58, 60, 62; ECF No. 123-4 at 4, 6, 8.)  In the absence of such information,

21   defendants did not know that plaintiff had a serious medical need requiring urgent attention.  "'If

22   a prison official should have been aware of the risk, but was not, then the official has not violated

23   the Eighth Amendment, no matter how severe the risk.'"  <u>Toguchi</u>, 391 F.3d at 1057 (quoting

24   <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).  Accordingly,

25   defendants have not violated plaintiff's rights under the Eighth Amendment.

26        Finally, plaintiff spent a considerable portion of his motion for summary judgment stating

27   defendants violated CDCR regulations.  He argues that defendants failed to comply with

28   regulations setting forth the timelines for responding to health care requests and providing

12

1    replacement parts for medical equipment.  However, allegations that defendants failed to comply

2    with prison regulations does not show that his constitutional rights were violated.  See Patrick v.

3    Altshul, No. 2:17-cv-1046 AC P, 2017 WL 4539273, at *3 (E.D. Cal. Oct. 11, 2017)

4    ("Defendants' alleged failure to comply with CDCR regulations does not state a constitutional

5    claim."); see also Case v. Kitsap County Sheriff's Dep't, 249 F.3d 921, 930 (9th Cir. 2001) (No

6    claim under section 1983 may arise solely from prison officials' failure to comply with prison

7    regulations.).

8         The court finds that plaintiff has failed to show a dispute of material fact regarding the

9    adequacy of defendants' response to his health care request forms.  Accordingly, the court will

10   recommend that plaintiff's motion for summary judgment be denied and that defendants' motion

11   for summary judgment be granted.

12                              **MOTION FOR HEARING**

13        Plaintiff has filed a motion requesting a hearing.  (ECF No. 115.)  Plaintiff argues that he

14   has not received adequate access to the prison law library and feels that his request for additional

15   time in the law library should be adjudicated through a hearing.  (ECF No. 115 at 8.)

16        The court is sympathetic to the hardships inherent in litigating a claim during the

17   COVID-19 pandemic.  However, nearly all prisoners housed by CDCR have experienced limited

18   physical access to the law library for the past year due to the pandemic.  Given the court's

19   recommendation that summary judgment should be granted in favor of defendants and Local Rule

20   230(l),[2] the court will deny plaintiff's motion for hearing.  Should the district court reject the

21   findings and recommendations, plaintiff may file a renewed motion for hearing.

22   ////

23   ////

24   ////

25   ////

26

27   _____
     [2] Local Rule 230(l) provides that all motions in actions where one party is incarcerated and
     proceeding without counsel shall be submitted upon the record without oral argument unless
28   otherwise ordered by the court.

                                          13

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions to enlarge the record (ECF Nos. 95, 102) are granted;

2.  Plaintiff's motion for hearing (ECF No. 115) is denied without prejudice; and

3.  The Clerk of the Court shall randomly assign this action to a district judge.

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion for summary judgment (ECF No. 92) be denied; and

2.  Defendants' motion for summary judgment (ECF No. 123) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 10, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB/DB Prisoner Inbox/Civil.Rights/S/ocon1057.msj.fr

14